1   JOHN C. FISH, Jr., Bar No. 160620
    jfish@littler.com
2   ANDREW M. SPURCHISE, Bar No. 245998
    aspurchise@littler.com
3   EMILY E. O'CONNOR, Bar No. 279400
    eoconnor@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:    415.433.1940
    Facsimile:    415.399.8490
7
    Attorneys for Defendants
8   UBER TECHNOLOGIES, INC. and SCOTT
    MUNRO
9
                        UNITED STATES DISTRICT COURT
10
                      NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN FRANCISCO DIVISION
12

13   RASHID ALATRAQCHI,                    Case No. C 13-03156 JSC
14              Plaintiff,
15        v.                               **DEFENDANTS' NOTICE OF MOTION
                                           AND MOTION TO DISMISS FOR
16   UBER TECHNOLOGIES, INC., SCOTT        FAILURE TO STATE A CLAIM;
     MUNRO AND DOES 1-50,                  MEMORANDUM OF POINTS AND
17                                         AUTHORITIES IN SUPPORT THEREOF
                Defendants.                [FED. R. CIV. P. 12(b)(6)]**
18
                                           Date:  August 22, 2013
19                                         Time:  9:00 a.m.
                                           Judge: Jacqueline S. Corley
20                                         Courtroom F, 15th Floor
21
22
23
24
25
26

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS          CASE NO. C 13-03156 JSC

1

## NOTICE OF MOTION AND MOTION

2  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

3       **PLEASE TAKE NOTICE** that on August 22, 2013, in Courtroom F, 15th Floor of

4  the U.S. District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco,

5  California, at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendants UBER

6  TECHNOLOGIES, INC. and SCOTT MUNRO will move the Court to dismiss this action, pursuant

7  to Fed. R. Civ. Proc. 12(b)(6).

8       1.      Plaintiff's first, second, and fourth causes of action for discrimination, wrongful

9  termination and hostile work environment harassment fail because Plaintiff was an independent

10  contractor, not an employee.  Indeed, the California Labor Commissioner has already considered this

11  issue and found that Plaintiff was an independent contractor.

12       2.      Even if Plaintiff could demonstrate the requisite employee-employer relationship,

13  Plaintiff's first, second, and fourth causes of action nevertheless fail because they each consist

14  entirely of conclusory statements that do not meet the required pleading standard of being "facially

15  plausible."

16       3.      Plaintiff's first and second causes of action for discrimination and wrongful

17  termination under California law must be dismissed as to defendant Scott Munro because neither

18  cause of action can be maintained against an individual manager.

19       4.      Plaintiff's first and fourth causes of action under FEHA must be dismissed because

20  Plaintiff failed to allege exhaustion of his administrative remedies.

21       5.      Plaintiff's first cause of action for "civil rights discrimination" in violation of the

22  United States Constitution fails because Plaintiff has not alleged that Defendants acted under color

23  of state law as required by 42 U.S.C. § 1983.

24       6.      Plaintiff's third cause of action for fraud fails because he has not pled sufficient facts

25  to meet the heightened pleading standard for fraud claims.

26       7.      Plaintiff's fifth cause of action for work related stress fails because workplace injury

1   claims are within the sole and exclusive jurisdiction of California's workers' compensation system.

2       The motion will be based upon this notice of motion and motion and upon Defendants'

3   memorandum of points and authorities, Defendants' request for judicial notice, the argument of

4   counsel, the pleadings and papers filed herein, and any other matters considered by the Court.

5

6   Dated: July 12, 2013

7

8                                               JOHN C. FISH, Jr.
                                                ANDREW M. SPURCHISE
9                                               LITTLER MENDELSON, P.C.
                                                Attorneys for Defendants
10                                              UBER TECHNOLOGIES, INC. and SCOTT
                                                MUNRO
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    2.

DEFS' NOT OF MOT AND MOT TO DISMISS                          CASE NO. C 13-03156 JSC

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ........................................................................................................ 3

II.  FACTUAL AND PROCEDURAL BACKGROUND .................................................... 3

III.  ARGUMENT ............................................................................................................. 5

    A.  Where, As Here, The Complaint Lacks A Cognizable Legal Theory Or Fails To Allege Sufficient Facts Under A Cognizable Legal Theory, Dismissal Is Appropriate ........................................................................................................ 5

    A.  Plaintiff's First, Second and Fourth Causes of Action for Discrimination, Wrongful Termination and Hostile Work Environment Harassment Under California Law Should Be Dismissed ................................................................ 5

        1.  An Employer-Employee Relationship Is Required In Order To Bring Claims Under FEHA Or For Wrongful Termination ................................. 5

        2.  Alternatively, Plaintiff's First, Second and Fourth Causes Of Action Should Be Dismissed Pursuant To Ashcroft v. Iqbal Because They Are Implausible ....................................................................................... 10

    B.  Plaintiff's First and Fourth Causes of Action For Discrimination and Hostile Work Environment Harassment Also Fail Because Plaintiff Failed To Allege That He Exhausted His Administrative Remedies ............................................ 12

    C.  Plaintiff's First Cause Of Action For Civil Rights Discrimination Should Be Dismissed For Failing To Plead Facts Sufficient To State A Claim For Relief ........ 13

    D.  Plaintiff Has Not Pled Sufficient Facts To Meet The Heightened Pleading Standard For Fraud Claims ............................................................................... 15

        1.  Plaintiff Fails to Plead Sufficient Facts Demonstrating Misrepresentation ............................................................................... 16

        2.  Defendants' Alleged Submission of Incomplete Invoices Does Not Support a Fraud Claim ..................................................................... 17

        3.  Plaintiff Does Not Plead Intentional Misrepresentation .................... 18

        4.  Even If Plaintiff Is An Employee Like He Suggests (And He Is Not), He Cannot Bring A Tort Claim Based On His Termination .................... 18

    E.  Plaintiff's Fifth Cause of Action for "Work Related Stress" Should Be Dismissed ....................................................................................................... 19

IV.  CONCLUSION ....................................................................................................... 20

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adcock v. Chrysler Corp.*,
166 F. 3d 1290 (9th Cir. 1999) ............................................................6

*Arnold v. Mutual of Omaha Ins. Co.*,
202 Cal. App. 4th 580 (2011) ..............................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ("*Iqbal*") ...............................................10, 12

*Balistreri v. Pacifica Police Dep't*,
901 F. 2d 696 (9th Cir. 1988) ...............................................................5

*Barren v. Harrington*,
152 F. 3d 1193 (9th Cir. 1998) ...........................................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................5

*Berger Transfer & Storage v. Central States Pension Fund*,
85 F. 3d 1374 (8th Cir. 1996) .............................................................10

*Bishop v. Lucent Technologies, Inc.*,
520 F. 3d 516 (6th Cir. 2008) .............................................................20

*Blum v. Yaretsky*,
457 U.S. 991 (1982)..............................................................................14

*Booth v. Maryland*,
327 F. 3d 377 (4th Cir. 2003) .............................................................13

*Branch v. Tunnell*,
14 F. 3d 449 (9th Cir 1994) ..................................................................5

*Burton v. Wilmington Parking Authority*,
365 U.S. 715 (1961).............................................................................14

*City of Atascadero v. Merrill Lynch*,
68 Cal. App. 4th 445 (1998) ...............................................................17

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
n Francisco, CA 94108.2693
415.433.1940

*City of Rancho Palos Verdes, Cal. v. Abrams,*
    544 U.S. 113 (2005)...................................................................................13

*Cole v. Fair Oaks Fire Protection Dist.,*
    43 Cal. 3d 148 (1987)................................................................................19

*Cooper v. Pickett,*
    137 F. 3d 616 (9th Cir. 1997)....................................................................16

*Davis v. Lockheed Corp.,*
    13 Cal. App. 4th 519 (1993)......................................................................19

*Dura Pharmaceuticals, Inc. v. Broudo,*
    544 U.S. 336 (2005)...................................................................................20

*Ficalora v. Lockheed Corp.,*
    193 Cal. App. 3d 489 (1987)......................................................................13

*Fisher v. San Pedro Peninsula Hospital,*
    214 Cal. App. 3d 590 (1989)......................................................................11

*Foley v. Interactive Data Corp,*
    47 Cal. 3d 654 (1988)..................................................................................6

*Goldrich v. Natural Y Surgical Specialties, Inc.,*
    25 Cal. App. 4th 772 (1994)......................................................................15

*Groman v. Township of Manalapan,*
    47 F. 3d 628 (3d Cir. 1995)........................................................................14

*Guthrey v. State of California,*
    63 Cal. App. 4th 1108 (1998)....................................................................11

*Guz v. Bechtel Nat'l, Inc.,*
    24 Cal. 4th 317 (2000)...............................................................................18

*Harris v. Vector Mktg. Corp.,*
    656 F. Supp. 2d 1128 (N.D. Cal. 2009)....................................................8, 9

*Haydon v. Ala. Dep't of Pub. Safety,*
    506 F. Supp 2d 944 (M.D. Ala. 2007)........................................................15

*Hishon v. King & Spalding,*
    467 U.S. 69 (1984)........................................................................................3

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

iii.

*Holmes v. General Dynamics Corp.,*
   17 Cal. App. 4th 1418 (1993) ................................................................................6

*Hunter v. Up-Right, Inc.,*
   6 Cal. 4th 1174 (1993) ........................................................................................18

*Jackson v. Metropolitan Edison Co.,*
   419 U.S. 345 (1974) .............................................................................................14

*JKH Enterprises, Inc. v. Department of Industrial Relations,*
   142 Cal. App. 4th 1046 (2006) .............................................................................9

*Kern v. Rochester,*
   93 F. 3d 38 (2d Cir. 1996) .....................................................................................6

*Lee v. City of Los Angeles,*
   250 F. 3d 668 (9th Cir. 2001) ............................................................................5, 7

*Martin v. Lockheed Missile & Space Co.,*
   29 Cal. App. 4th 1718 (1994) .............................................................................12

*Metcalf v. Drexel Lending Group,*
   2008 U.S. Dist. LEXIS 87420 (S.D. Cal. 2008) .................................................16

*Mission Ins. Co. v. Workers' Compensation Appeals Bd.,*
   123 Cal. App. 3d 211 (1981) .................................................................................9

*Muller v. Auto. Club of So. Cal,*
   61 Cal. App. 4th 431 (1998) .................................................................................6

*Neitzke v. Williams,*
   490 U.S. 319 (1989) ..........................................................................................5, 10

*Padula v. Leimbach,*
   656 F. 3d 595 (7th Cir. 2011) .............................................................................13

*Parrino v. FHP, Inc.,*
   146 F. 3d 699 (9th Cir. 1998) ...............................................................................7

*Phillips v. Gemini Moving Specialists,*
   63 Cal. App. 4th 563 (1998) ...............................................................................11

*Piscitelli v. Friedenberg,*
   87 Cal. App. 4th 953 (2001) ...............................................................................19

TTLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

iv.

*Reno v. Baird,*
    18 Cal. 4th 640 (1998) ............................................................................11

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F. 2d 530 (9th Cir. 1984) ...................................................................5

*S.G. Borello & Sons, Inc. v. Department of Industrial Relations,*
    48 Cal. 3d 341 (1989) ("*Borello*") ............................................7, 8, 9, 19

*Sada v. Robert F. Kennedy Medical Center,*
    56 Cal. App. 4th 138 (1997) ....................................................................6

*Saldate v. Wilshire Credit Corp.,*
    686 F. Supp. 2d 1051 (E.D. Cal. 2010) ..................................................17

*Sanders v. Arneson Products,*
    91 F.3d 1351 (9th Cir. 1996), cert. denied, 520 U.S. 1116 (1997) ...........6

*Sarmiento v. Texas Board of Veterinary Medical Examiners,*
    939 F. 2d 1242 (5th Cir. 1991) ...............................................................15

*Shurpin v. Elmhurst,*
    148 Cal. App. 3d 94 (1983) ....................................................................15

*Silvas v. E*Trade Mortg. Corp.,*
    421 F. Supp. 2d 1315 (S.D. Cal. 2006) .....................................................5

*Sistare-Meyer v. Young Men's Christian Ass'n of Metropolitan Los Angeles,*
    58 Cal. App. 4th 10 (1997) .......................................................................6

*Small v. Fritz Companies, Inc.,*
    30 Cal. 4th 167 (2003) .......................................................................15, 17

*Sosa v. Hiraoka,*
    920 F. 2d 1451 (9th Cir. 1990) ...............................................................13

*Sprewell v. Golden State Warriors,*
    266 F. 3d 979 (9th Cir. 2001) ...................................................................5

*State Compensation Insurance Fund v. Brown,*
    32 Cal. App. 4th 188 (1995) ...........................................................8, 9, 19

*Swartz v. KPMG LLP,*
    476 F. 3d 756 (9th Cir. 2007) .................................................................15

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA 94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS            CASE NO. C 13-03156 JSC

*Tarman v. State Farm Auto. Ins. Co.*,
    2 Cal. App. 4th 153 (1991) ......................................................................16

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .................................................................................12

*Tenzer v. Superscope, Inc.*,
    39 Cal. 3d 18 (1985) ................................................................................18

*Turner v. Anheuser-Busch, Inc.*,
    7 Cal. 4th 1238 (1994) .............................................................................11

*Weinbaum v. Goldfarb, Whitman & Cohen*,
    46 Cal. App. 4th 1310 (1996) ...............................................................6, 11

*Yurick v. Superior Court*,
    209 Cal. App. 3d 1116 (1989) ..................................................................12

**STATUTES**

22 Cal. Code. Regs. § 4304-1(b)(7) ...............................................................8

42 U.S.C. § 1983 ..............................................................................1, 13, 14

42 U.S.C. § 2000e-2(a)(1) .............................................................................6

42 U.S.C. § 2000e-5(e)(1) ............................................................................13

42 U.S.C. § 2000e-5(f)(1) .............................................................................13

Cal. Gov't. Code § 12940(a) ...........................................................................6

Cal. Ins. Code § 11846 ................................................................................19

Cal. Lab. Code § 2922 .................................................................................18

Cal. Labor Code §§ 3600, 3602(a) .................................................................19

Labor Code §§ 3351, 3353, 3600 & 3700 .......................................................19

Labor Code § 3602 .....................................................................................19

Labor Code § 5500 .....................................................................................20

Title VII of the Civil Rights Act of 1964 ("Title VII.") .................................6, 13

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA 94108.2693
415.433.1940

vi.

DEFS' NOT OF MOT AND MOT TO DISMISS                    CASE NO. C 13-03156 JSC

1

**OTHER AUTHORITIES**

2   Fed. R. Civ. Proc. 12(b)(6) ................................................................1, 5, 10, 20

3   Federal Rule of Civil Procedure 8(a) ..........................................................12

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ITLER MENDELSON, P.C.
650 California Street
20th Floor
n Francisco, CA  94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS                    CASE NO. C 13-03156 JSC

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3           Uber Technologies, Inc. is a technology company.  Scott Munro is an individual employed

4    by Uber as an Operations Specialist.

5           Uber has developed a smartphone application that helps its customers seeking on-demand car

6    service connect with independently owned and operated car service companies ("Partners") seeking

7    to supplement their already-established customer base.  Uber is not a transportation company.  Uber

8    owns no vehicles and does not employ people to operate vehicles.

9           Plaintiff owned and independently operated a limousine company called Charming City

10   Limousine.  For ten days in December 2011, Plaintiff contracted with Uber as one of its Partners and

11   was granted access to Uber's smartphone application.   Uber rescinded Charming City's access after

12   just ten days, however, due to negative customer feedback.  Before, after and even during the ten

13   days of access to Uber's application, Plaintiff operated Charming City Limousine as a completely

14   independent business.

15          This suit is Plaintiff's attempt at a second bite of the apple.  Plaintiff previously filed a claim

16   with the California Labor Commissioner.  The Labor Commissioner determined that Plaintiff was an

17   independent contractor and had no basis for pursuing claims as an employee of Uber.

18          The same result is warranted here.

19   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

20          Plaintiff has worked in San Francisco as a limousine driver and/or taxi driver since 1996.

21   (Alatraqchi Decl., 2:8-9.)[1]  From January 2010 until the summer of 2012, Plaintiff was the sole

22   proprietor of Charming City Limousine Company.  (*Id.* at 2:9-10.)  In December 2011, Plaintiff

23   contracted with Uber and was granted access to Uber's iPhone software application.  (*Id.* at 2:20-22;

24   3:22-25.)  Uber is a technology company whose software application enables its customers to use

---

[1] The following facts are taken from Plaintiff's Complaint and supporting Declaration and are assumed to be true for
purposes of this motion only.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

3.

their smartphones to request taxi or limousine services on-demand.   (*Id.* at 3:22-27; 14:1-3.) Plaintiff paid Uber a $300 deposit to obtain an iPhone, which he used to receive trip requests from Uber's software. (*Id.* at 2:17-20; 3:22-23.)

Plaintiff used his own vehicle to pick up customers and continued to operate his own business before, during and after he became an Uber Partner. (*Id.* at 2:8-10; 3:16-19.) He purchased insurance coverage for his vehicle and filed all of the necessary documentation with the state and local agencies governing the transportation industry to obtain operating authority to run his limousine business. (*Id.*)   Plaintiff used Uber's software for only 10 days and during that time, communication between Plaintiff and Uber was virtually non-existent. (*Id.* at 3:12-13; 6:20; 52:7-9.) On January 12, 2012, Uber informed Plaintiff that due to negative client feedback, Uber would no longer permit Plaintiff access to its software platform to receive transportation jobs. (*Id.* at 3:9-10.)

Five days later, on January 17, 2012, Plaintiff filed a wage claim with the California Labor Commissioner. Following a full hearing, the Labor Commissioner denied his claim on the grounds that he performed services for Uber's users as an independent contractor, not an employee. (*Id.* at 5:4-7; Defendants' Request for Judicial Notice ("RJN"), Exh. A.)   The Labor Commissioner's decision holds, in relevant part, as follows:

> The services plaintiff provided were not part of the business operated by Defendant, and the evidence indicates that plaintiff provided similar services for others [...].  The work arrangement was paid at a per job rate.  Plaintiff provided the means to complete the job.  Plaintiff set his own hours, and controlled the manner in which he completed the job. Defendant did not supervise or direct [Plaintiff's] work...Plaintiff performed services as an independent contractor of Defendant, and not as a bona fide employee.

(RJN, Exh. A at p. 5.)

Plaintiff filed his Complaint and Declaration in San Francisco Superior Court on January 10, 2013, but did not serve them until June 11, 2013.  On July 10, 2013, Defendants removed the action to this Court based on federal question jurisdiction.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
n Francisco, CA  94108.2693
415.433.1940

4.

DEFS' NOT OF MOT AND MOT TO DISMISS                    CASE NO. C 13-03156 JSC

## III.   ARGUMENT

### A.   Where, As Here, The Complaint Lacks A Cognizable Legal Theory Or Fails To Allege Sufficient Facts Under A Cognizable Legal Theory, Dismissal Is Appropriate.

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, as a general rule "the court may not consider any materials beyond the pleadings in ruling on a 12(b)(6) motion." *Branch v. Tunnell*, 14 F. 3d 449, 453 (9th Cir 1994) (overruled on other grounds). However, in ruling on a motion to dismiss, "a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F. 3d 668, 688-689 (9th Cir. 2001).

Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1988); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-534 (9th Cir. 1984). While the court must assume the complaint's factual allegations are true, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations." *Silvas v. E*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1317 (S.D. Cal. 2006). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001). Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989).

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS                     CASE NO. C 13-03156 JSC

**B.  Plaintiff's First, Second and Fourth Causes of Action for Discrimination, Wrongful Termination and Hostile Work Environment Harassment Under California Law Should Be Dismissed.**

    **1.  An Employer-Employee Relationship Is Required In Order To Bring Claims Under FEHA Or For Wrongful Termination.**

The existence of an employer-employee relationship is a necessary prerequisite for sustaining Plaintiff's first, second and fourth causes of action.  The California Fair Employment and Housing Act ("FEHA") makes it unlawful "for an employer" to discriminate against an employee because of the employee's national origin or religion.  Cal. Gov't. Code § 12940(a).  FEHA does not permit claims for discrimination or harassment by independent contractors.[2]  In *Sada v. Robert F. Kennedy Medical Center*, 56 Cal. App. 4th 138, 157-159 (1997), the California Court of Appeal held that only employees and applicants for employment, not independent contractors are protected against discrimination under the FEHA.  *See also Sistare-Meyer v. Young Men's Christian Ass'n of Metropolitan Los Angeles*, 58 Cal. App. 4th 10, 18 (1997) (independent contractors generally cannot bring statutory discrimination-based actions against parties who hire them).

Likewise, an independent contractor cannot state a claim for wrongful termination in violation of public policy against Defendants.[3]  *Holmes v. General Dynamics Corp.*, 17 Cal. App. 4th 1418, 1426, n.8 (1993) (an employer-employee relationship is an essential element of a claim for termination of employment in violation of public policy); *Weinbaum v. Goldfarb, Whitman &*

---

[2] An employer-employee relationship is also a prerequisite to pursuing discrimination or harassment claims under Title VII of the Civil Rights Act of 1964 ("Title VII.")  *See* 42 U.S.C. § 2000e-2(a)(1); *Adcock v. Chrysler Corp.*, 166 F. 3d 1290, 1292 (9th Cir. 1999) ("Title VII protects employees, but does not protect independent contractors."); *Kern v. Rochester*, 93 F. 3d 38, 45 (2d Cir. 1996) (cert denied) ("Title VII is an employment law, available only to employees (or prospective employees) seeking redress for the unlawful employment practices of their employers.")
[3] To state a claim for wrongful termination in violation of public policy, one must show that an employee was terminated in violation of a "substantial public policy." *Foley v. Interactive Data Corp*, 47 Cal. 3d 654, 669 (1988).  While Plaintiff has failed to identify the public policy that was allegedly violated, Defendant presumes that Plaintiff's wrongful termination claim is founded upon his assertions that the FEHA was violated through purported national origin and religion discrimination.  Because Plaintiff cannot establish that Uber violated the FEHA, his wrongful termination claim fails as a matter of law.  *See Muller v. Auto. Club of So. Cal*, 61 Cal. App. 4th 431, 452 (1998) (in affirming summary adjudication for the employer, Court stated that because FEHA disability discrimination claim lacked merit, employee's wrongful termination claim based on alleged FEHA disability discrimination also failed); *Sanders v. Arneson Products*, 91 F.3d 1351, 1354 (9th Cir. 1996), cert. denied, 520 U.S. 1116 (1997) (where discrimination claim fails as a matter of law, claim under California state law for wrongful discharge in violation of the public policy against discrimination fails as well).

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS          CASE NO. C 13-03156 JSC

*Cohen*, 46 Cal. App. 4th 1310, 1315 (1996) (wrongful termination in violation of public policy claim is dependent upon the existence of an employer-employee relationship.)

As set forth more fully below, Plaintiff cannot establish this essential element, as he performed services for Uber's customers as an independent contractor, not an employee of Defendants. His first, second and fourth causes of action therefore fail as a matter of law.

> **a.    Plaintiff's Own Allegations Establish That He Was An Independent Contractor, Not An Employee.**

While Plaintiff makes some conclusory references in his Declaration to an "employment" relationship with Defendants, the evidence set forth in his Complaint and supporting Declaration clearly establishes his status as an independent contractor.

Indeed, the California Labor Commissioner has confirmed "Plaintiff performed services as an independent contractor of Defendant, and not as a[n] employee." (RJN, Exh. A.) This determination was based on its finding that, consistent with the facts Plaintiff asserts in his Declaration (described below), Plaintiff controlled *every aspect* of the services provided to Uber's users. (*Id.*)[4]

*S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341, 349 (1989) ("*Borello*") sets forth the governing standard for establishing independent contractor status in California. The principal consideration in determining independent contractor status is "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the results desired." *Borello*, 48 Cal. 3d at 349, 350 (determination of employee or independent contractor status is a question of law if the evidence is undisputed). The other factors relevant to the determination include (a) the right to discharge at will without cause; (b) whether Plaintiff is engaged in a distinct occupation or business; (c) the skill required in this occupation; (d) whether

---

[4] In ruling on a motion to dismiss, "a court may take judicial notice of matters of public record." *Lee*, 250 F. 3d at 688-689. The court may also have authority to consider the Labor Commissioner's decision because Plaintiff's declaration repeatedly refers to the Labor Commissioner hearing and arguably incorporates the fact of the hearing and decision by reference. *See Parrino v. FHP, Inc.*, 146 F. 3d 699, 705-706 (9th Cir. 1998).

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA 94108.2693
415.433.1940

1   Plaintiff or Uber pays for vehicles, equipment, and business expenses; (e) the length of time for

2   which the services are to be performed; (f) the method of payment, whether by the hour or by the

3   job; (g) whether or not the work done by Plaintiff is part of the regular business of Uber; (h) whether

4   or not the parties believe they are creating an employer-employee relationship; (i) Plaintiff's

5   opportunity for entrepreneurial profit or loss depending upon his managerial skill; (j) Plaintiff's use

6   of helpers; and (k) the degree of permanence of the working relationship. *Id.* at 351.

7       Upon review of the relevant facts (*i.e.* those set forth in the Complaint and those which the

8   Court may take judicial notice of) and application of the *Borello* test to those facts, Plaintiff's

9   independent contractor status is both apparent and undisputed:

10  • Plaintiff owned his own business, Charming City Limousine Company from January 2010
11      until the summer of 2012, well before and after his relationship with Uber ended. Plaintiff's
        business was registered with the California Public Utilities Commission, TCP #26843.
12      (Alatraqchi Decl., 2:9-12.)

13  • As the sole proprietor of Charming City Limousine Company, Plaintiff had his own
        customers and put "a great deal of effort" into attracting them to his business. Plaintiff could
14      and did continue to run his own business during the ten days in December 2011 in which his
        business had the opportunity to get additional trips through Uber's software application.
15      (Alatraqchi Decl., 2:9-10, 23-26); *see Arnold v. Mutual of Omaha Ins. Co.*, 202 Cal. App. 4th
        580, 589 (2011) (in affirming summary judgment that an insurance agent was an independent
16      contractor, court relied upon the fact that the agent's appointment with the company was
        nonexclusive); *State Compensation Insurance Fund v. Brown*, 32 Cal. App. 4th 188, 203
17      (1995) (where worker has true entrepreneurial opportunity, it is indicative of independent
        contractor status).

18  • Plaintiff understood the nature of the relationship into which he was entering with Uber.
        According to Plaintiff, he was offered the "business opportunity" to become a business
19      partner with Uber, and he accepted, believing it would be a mutually beneficial partnership.
        (Alatraqchi Decl., 12:25-26; 20:10-15; 26:5-7.) He admits at least once in his Declaration
20      that he was "not an employee of Uber." (*Id.* at 32:2.)

21  • Plaintiff owned the vehicle he drove when providing transportation services through Uber's
        application, and in fact invested $35,000 in a new vehicle at the outset of his contractual
22      relationship. This reflects not only Plaintiff's capital investment in his business, but also the
        potential for profit or loss to Plaintiff arising from that investment. (Alatraqchi Decl., 3:1-3,
23      16-17; 13:3-9; 23:15-19); *Borello*, 48 Cal 3d. at 351 (the fact that the worker supplies the
        equipment and tools needed for the job weighs in favor of independent contractor status);
24      *Brown*, 32 Cal. App. 4th at 203 (capital investment in vehicle is indicative of independent
        contractor status).

25
26  • Plaintiff purchased insurance coverage for his vehicle and filed all of the necessary

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

documentation with the state and local agencies to operate as a limousine services provider in San Francisco.  Plaintiff acknowledges he was responsible for following all regulations and obtaining all necessary permits in order to operate as a limousine company.  (Alatraqchi Decl., 2:8-16; 3:15-18); 22 Cal. Code. Regs. § 4304-1(b)(7) (factor in determining whether an individual is engaged in an occupation or business distinct from that of the principal is whether the individual "holds himself or herself out to the general public . . . as ready to perform services similar to those performed for the principal [ ].").

- Plaintiff worked with Uber for only ten days, a brief time period generally inconsistent with an employment relationship.  (Alatraqchi Decl., 6:20); *Borello*, 48 Cal. 3d at 351 (the degree of permanence of the working relationship is a factor in the independent contractor analysis); *cf. Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1139-1140 (N.D. Cal. 2009) ("Where a worker is employed for a lengthy period of time, the relationship with the employer looks more like an employer-employee relationship.")

- Uber exercised no control over Plaintiff during their relationship.  Communication between Plaintiff and Uber was virtually non-existent.  According to Plaintiff, after receiving the iPhone used to access Uber's system, Plaintiff was "let loose."  (Alatraqchi Decl., 3:12-13; 51:12-13; 52:7-9); *Brown*, 32 Cal. App. 4th at 202-203 (evidence of independent contractor status where principal's involvement limited to offering work and paying worker, without supervision); *cf. JKH Enterprises, Inc. v. Department of Industrial Relations*, 142 Cal. App. 4th 1046, 1050 (2006) (evidence of employee status that couriers required to remain in regular contact with dispatcher).

- Plaintiff admits that Uber represents itself as a technology company.  Plaintiff acknowledges that Uber does not maintain the permits required to operate as a transportation company.  Plaintiff, on the other hand, views himself as a professional in the transportation industry, all of which demonstrate that Plaintiff and Uber are in separate and distinct occupations.  (Alatraqchi Decl., 4:2-5; 6:6; 55:17-23); *Borello*, 48 Cal. 3d at 351 (distinct occupation or business suggests independent contractor status).

- Plaintiff believes his skill and abilities made him a successful businessman, and he contends he was more skilled than other Partners who contracted with Uber.  Plaintiff explained that he was able to do this "because of my many years of experience as a driver of limousines and taxi cabs and know the shortcuts and other tricks of the trade." (Alatraqchi Decl., 56:15-19); *Brown*, 32 Cal. App. 4th at 202-203 (exercise of skill beyond that required of a general laborer is indicative of independent contractor status, especially where additional licenses are required to perform work in question).

- Plaintiff had the right to own more than one vehicle and assign his own helpers or employees to drive those vehicles if he wished, as he acknowledged that Uber contracts with limousine companies which operate fleets of limousines driven by employees of that particular company.  (Alatraqchi Decl., 50:17-19); *see Mission Ins. Co. v. Workers' Compensation Appeals Bd.*, 123 Cal. App. 3d 211, 224 (1981) (in finding that an alarm system serviceman was an independent contractor, court placed great significance on the fact that the serviceman "could have the services performed by persons selected, employed, trained and supervised by him if he chose to do so.")

- Plaintiff was paid based on the fares that he carried, not by the hour.  Uber received 20% of the fee charged each customer for the fares performed by Plaintiff in exchange for facilitating the connection between Plaintiff and the user.  (Alatraqchi Decl., 9:23-24; 11:3-4, 15-17;

9.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
n Francisco, CA 94108 2693
415 433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS                    CASE NO. C 13-03156 JSC

34:4-7); *see Harris*, 656 F. Supp. 2d at 1140 (where the worker is paid by the job, it points towards independent contractor status); *Brown*, 32 Cal. App. 4th at 203 (court found independent contractor status where work "performed and compensated on a job-by-job basis.")

Plaintiff's own recitation of the relevant facts establishes that he, not Uber, controlled the manner in which Plaintiff provided limousine services to Uber's users, and further establishes ten of the eleven secondary factors set forth in *Borello*. Based on these admissions, there is no dispute that Plaintiff is an independent contractor as a matter of law. *See Berger Transfer & Storage v. Central States Pension Fund*, 85 F. 3d 1374, 1378 (8th Cir. 1996)("[t]he existence and degree of each factor [regarding the status of a person as an independent contractor or employee] is a question of fact while the legal conclusion to be drawn from those facts -- whether workers are employees or independent contractors -- is a question of law'"); *Neitzke*, 490 U.S. at 326-327 (Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law.")

Because Plaintiff is an independent contractor, his employment-based first, second and fourth causes of action should be dismissed.

### 2. Alternatively, Plaintiff's First, Second and Fourth Causes Of Action Should Be Dismissed Pursuant To *Ashcroft v. Iqbal* Because They Are Implausible.

Even assuming Plaintiff could demonstrate the requisite employer-employee relationship, which he cannot (*see* Section III.B *supra*), Plaintiff's first, second and fourth claims nevertheless fail because they are conclusory and implausible. As an initial matter, Plaintiff's form Complaint (as opposed to his supporting Declaration) contains *no* references to Plaintiff's national origin or religion whatsoever. In the portion of his Declaration that purports to describe the unlawful discrimination, Plaintiff makes three references to national origin and religion, none of which are sufficient to nudge his claims of invidious discrimination "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) ("*Iqbal*"). Plaintiff's allegations are as follows. First, Plaintiff states "It seemed like Mr. Scott Munro had hatred towards Iraqis or Shiite Muslims. I heard from other drivers that Mr. Munro is a JEW." (Alatraqchi Decl., 6:6-8.) Second,

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA 94108.2693
415.433.1940

1    Plaintiff states that Uber stole his money and did not respond to his telephone calls because he is

2    "foreign." (*Id.* at 7:4-10.) Third, in reference to Scott Munro, Plaintiff states "he felt that I don't

3    have popular support because the WAR in Iraq and I from Iraq.  This illegal, immoral WAR on the

4    Arab peoples and Moslems in Iraq, the Middle East and around the world!" (*Id.* at 7:10-12.)

5    In the portion of his Declaration dedicated to his claim for wrongful termination, Plaintiff

6    states that "in the United States Constitution and the Constitution of the State of California it is

7    illegal to discriminate against a person based on race, ethnicity, country of origin, or religion." (*Id.*

8    at 7:26-28.)  Thereafter, Plaintiff fails to set forth a single fact that purports to describe a connection

9    between his alleged "termination" on the one hand and his national origin and/or religion on the

10   other. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1258-1259 (1994) (to establish a claim for

11   wrongful termination in violation of public policy, plaintiff must show that there was a nexus

12   between the termination and his status or protected activity).[5]

13   Presumably, Plaintiff's fourth cause of action, labeled "maintaining a hostile work

14   environment," is intended to assert a harassment claim under FEHA pursuant to a hostile work

15   environment theory.  This claim cannot be maintained as a matter of law.  To the extent Plaintiff's

16   hostile work environment claim is based on Defendants' treatment of Plaintiff as an Iraqi and/or

17   Shiia Muslim, Plaintiff fails to mention his national origin or religion in the portion of his

18   Declaration dedicated to that claim.  Plaintiff does state that Uber operates "outside of the federal,

19   state and local rules and regulations governing the passenger for hire industry" and that Uber

20   discontinued working with him because he outperformed other drivers.  (Alatraqchi Decl., 56:14-

21

22   [5] Individual managers, such as Scott Munro, cannot be held liable for discrimination under California law.  *Reno v. Baird*, 18 Cal. 4th 640, 662 (1998).  Likewise, a plaintiff cannot maintain a cause of action against an individual

23   defendant for wrongful termination in violation of public policy. *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 576 (1998) ("[the individual defendant] did not commit the tort of wrongful discharge in violation of public policy

24   because the tort has its basis in the employer-employee relationship and [the individual defendant] was not plaintiff's employer"); *Weinbaum*, 46 Cal. App. 4th at 1317 (the court affirmed the individual defendants' demurrer without leave

25   to amend, holding that the individual defendants could not be "bootstrapped into tort liability" because they were "legally incapable of committing the tort of wrongful discharge in violation of public policy.")  Thus, under California

26   law, Plaintiff cannot maintain his first and second causes of action against individual Defendant Scott Munro and these claims should be dismissed as to him.

11.

23.)  However, Plaintiff does not explain how these assertions constituted harassment or how they contributed to the creation of a hostile work environment.  *See Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 610 (1989) (A plaintiff may maintain a hostile work environment harassment claim only where the harassment is sufficiently "severe and pervasive" so as to "alter the conditions of employment" and create a hostile and abusive working environment); *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1123 (1998) ("To be sufficiently pervasive harassment, the acts complained of cannot be isolated or trivial. Rather, there must be a pattern of harassment of a routine or generalized nature.")  The fact that Plaintiff contracted with Uber for only ten days and had little to no contact with Uber employees renders his claim for hostile work environment harassment even more implausible.

As a matter of law each of these claims fail to meet the required pleading standard.  Federal Rule of Civil Procedure 8(a) instructs that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While the rule does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 663.  Although the federal pleading duty encourages brevity, "the complaint must say enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007).

Plaintiff's first, second and fourth claims are made up of conclusory statements that are not facially plausible because they do not allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The above-described allegations do not come remotely close to explaining the purported connection between actions taken against Plaintiff and his national origin or religion.

Accordingly, if the Court declines to find that Plaintiff is an independent contractor, the Court should dismiss Plaintiff's first, second and fourth causes of actions on this alternative basis.

12.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA 94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS                    CASE NO. C 13-03156 JSC

C.   **Plaintiff's First and Fourth Causes of Action For Discrimination and Hostile Work Environment Harassment Also Fail Because Plaintiff Failed To Allege That He Exhausted His Administrative Remedies.**

Plaintiff's purported claims under FEHA fail because Plaintiff failed to allege exhaustion of his administrative remedies as mandated by California law.  Proper exhaustion of the administrative process is a jurisdictional prerequisite to any claims asserted under FEHA.  *Martin v. Lockheed Missile & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994); *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1123 (1989).[6]  An employee must exhaust the administrative remedy provided by the statute by filing a complaint with the DFEH and must obtain from the DFEH a notice of right to sue to be entitled to file a civil action in court based on violations of the FEHA.  *Ficalora v. Lockheed Corp.*, 193 Cal. App. 3d 489, 492 (1987).  The right to file a civil action in court based on alleged violations of the FEHA does not accrue unless and until an employee first obtains from the DFEH a notice of right to sue.  *Id.* at 493.  If a plaintiff fails to satisfy this administrative prerequisite, the plaintiff's subsequent civil suit is barred.  *Id.*

Here, Plaintiff's Complaint and supporting Declaration are completely silent as to whether he filed an administrative charge and whether he received a right to sue letter from the DFEH. Accordingly, Plaintiff has failed to plead the fundamental prerequisites to bringing a claim in court pursuant to FEHA and his claims under FEHA should therefore be dismissed.

D.   **Plaintiff's First Cause Of Action For Civil Rights Discrimination Should Be Dismissed For Failing To Plead Facts Sufficient To State A Claim For Relief.**

As part of his first cause of action, Plaintiff alleges that Defendants violated his civil rights guaranteed under the United States Constitution.  The vehicle for prosecuting alleged violations of rights granted under the United States Constitution, and specifically the Equal Protection clause of the 14th Amendment, is 42 U.S.C. § 1983.  Section 1983 "authorizes suits to enforce individual

---

[6] Likewise, to pursue discrimination or harassment claims under Title VII, a plaintiff must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful act.  *See* 42 U.S.C. § 2000e-5(e)(1).  Thereafter, a plaintiff must receive a right-to-sue letter from the EEOC and must file suit within 90 days of receiving such a letter.  *See* 42 U.S.C. § 2000e-5(f)(1); *Sosa v. Hiraoka*, 920 F. 2d 1451, 1456 (9th Cir. 1990) (exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts.)

13.

1   rights under federal statutes as well as the Constitution" against state and local government officials.

2   *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 119, (2005); *Booth v. Maryland*, 327 F.

3   3d 377, 382 (4th Cir. 2003) (a Section 1983 claim may be predicated on the violation of the right to

4   equal protection guaranteed by the Constitution.) Section 1983 does not create substantive rights but

5   operates as "a means for vindicating federal rights conferred elsewhere," specifically those

6   enumerated in the Constitution. *Padula v. Leimbach*, 656 F. 3d 595, 600 (7th Cir. 2011).

7         Under Section 1983, the aggrieved party must be injured by an individual or entity who acts

8   "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. §

9   1983. Section 1983 claims are "grounded in a basic and clear requirement, that the defendant in a §

10   1983 action has exercised power possessed by virtue of state law and made possible only because the

11   wrongdoer is clothed with the authority of state law." *Groman v. Township of Manalapan*, 47 F. 3d

12   628, 639 (3d Cir. 1995). "The issue is not whether the state was involved in some way in the

13   relevant events, but whether the action taken can be fairly attributable to the state itself." *Id.* at 638.

14         For Uber, a private entity, or Mr. Munro, an individual, to be liable under Section 1983,

15   Plaintiff must demonstrate that their actions were fairly attributable to the State of California. There

16   are three tests available to Plaintiff in order to show that Defendants' actions constituted state action.

17   First, Plaintiff can demonstrate a "sufficiently close nexus between the State and the challenged

18   action of the regulated entity so that the action of the latter may be fairly treated as that of the state

19   itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Second, Plaintiff may also

20   utilize the "symbiotic relationship" test if the private entity's acts are attributable to the state because

21   the government "has so far insinuated itself into a position of interdependence with [the private

22   entity] that it must be recognized as a joint participant in the challenged activity." *Burton v.

23   Wilmington Parking Authority*, 365 U.S. 715, 725 (1961). Finally, Plaintiff could apply the

24   traditional "public function" test, where courts consider whether "the private entity has exercised

25   powers that are traditionally the exclusive prerogative of the State." *Blum v. Yaretsky*, 457 U.S. 991,

26   1005 (1982).

14.

1    The Complaint does not plead facts sufficient to meet any of the aforementioned tests.

2    Plaintiff does not remotely allege facts that demonstrate that any actions of Defendants are fairly

3    attributable to the State of California.[7]  Plaintiff also does not allege facts that demonstrate that the

4    State must be recognized as a joint participant with Defendants in the challenged activity.  Finally,

5    Plaintiff fails to allege facts that demonstrate that Defendants have exercised powers that are

6    traditionally the exclusive prerogative of the State of California.

7    Having failed to allege state action, Plaintiff's first cause of action for civil rights

8    discrimination should be dismissed.  *See Sarmiento v. Texas Board of Veterinary Medical*

9    *Examiners*, 939 F. 2d 1242, 1245-1246 (5th Cir. 1991) (because the complaint contained no

10   allegations that the individual had ties to a government body or agency, plaintiff failed to satisfy the

11   state action requirement.)

**E.      Plaintiff Has Not Pled Sufficient Facts To Meet The Heightened Pleading Standard For Fraud Claims.**

13   To establish fraud under California law, a plaintiff must show that: (1) the defendant made a

14   material misrepresentation; (2) the defendant knew the representation was false; (3) the defendant

15   intended to defraud the plaintiff; (4) the plaintiff justifiably relied on the defendant's

16   misrepresentation; and (5) the plaintiff suffered damages as a result.  *Small v. Fritz Companies, Inc.*,

17   30 Cal. 4th 167, 173 (2003); *Shurpin v. Elmhurst*, 148 Cal. App. 3d 94, 101 (1983).   Fraud

18   allegations are held to a heightened pleading standard.  Specifically:

> Federal Rule of Civil Procedure 9(b) requires more ***specificity***
> including an account of the ***time, place, and specific content of the***
> ***false representations*** as well as the ***identities of the parties to the***
> ***misrepresentations***.  To comply with Rule 9(b), allegations of fraud

[7] Even if Plaintiff had alleged facts demonstrating that Defendants acted under color of state law, his civil rights discrimination claim would still fail.   To plead a violation of the Equal Protection Clause under the Fourteenth Amendment, Plaintiff must allege facts showing intent to discriminate based upon membership of a protected class and that Plaintiff was treated differently than other similarly situated individuals.  *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998); *Haydon v. Ala. Dep't of Pub. Safety*, 506 F. Supp 2d 944 (M.D. Ala. 2007) (a mere allegation that other "similarly-situated" individuals exist is "too general to permit a meaningful analysis of whether such individuals are proper comparators.")  Plaintiff's Complaint and supporting Declaration are entirely devoid of facts stating that there were other similarly situated employees and that Plaintiff was treated differently from those employees.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

15.

DEFS' NOT OF MOT AND MOT TO DISMISS                          CASE NO. C 13-03156 JSC

must be specific enough to give defendants ***notice of the particular misconduct which is alleged to constitute the fraud*** charged so that they can defend against the charge and not just deny that they have done anything wrong.

*Swartz v. KPMG LLP*, 476 F. 3d 756, 764 (9th Cir. 2007) (internal citations and quotations omitted) (emphasis added).[8]

Plaintiff's Complaint falls short in multiple respects. It lacks particularized facts supporting the alleged misrepresentation (*i.e.* who made the misrepresentation; when and where it was made); knowledge of falsity; intent to defraud; or justifiable reliance.

### 1.   Plaintiff Fails to Plead Sufficient Facts Demonstrating Misrepresentation.

Reading Plaintiff's submissions most liberally, the only potentially relevant misrepresentation relates to Plaintiff's subjective belief that he would enjoy a long-term business relationship with Uber. (*See* Alatraqchi. Decl., 66:6-10 ["I believed that Uber Technologies, Inc. was serious about establishing a profitable, long term business relationship."]; 26:14-15 ["This relationship had been presented to me by Scott Munro as a long term business opportunity."]) However, the Complaint falls flat even under a liberal reading.

Nowhere in Plaintiff's submission does he provide the specific statement that caused him to misunderstand the parties' relationship. *Metcalf v. Drexel Lending Group*, 2008 U.S. Dist. LEXIS 87420 at *11-12 (S.D. Cal. 2008) ("to the extent [the plaintiff] is contending that affirmative misrepresentations were made, she must ***identify the misrepresentations***...) (emphasis added). Rather, Plaintiff simply states his subjective impression of the parties' relationship without reference to the basis for the misunderstanding, or other facts necessary to meet the heightened pleading standard for fraud claims. *Cooper v. Pickett*, 137 F. 3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by the "who, what, when, where, and how[.]") (internal quotations omitted) (*superseded on other grounds*).

---

[8] California also applies a heightened pleading standard to fraud claims. *See Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782 (1994).

ITLER MENDELSON, P.C.
650 California Street
20th Floor
n Francisco, CA  94108.2693
415.433.1940

DEFS' NOT OF MOT AND MOT TO DISMISS                    CASE NO. C 13-03156 JSC

In addition, Plaintiff fails to indicate whether the individual who made the alleged misrepresentation was authorized to speak on behalf of Uber, which is necessary when bringing a fraud claim against a corporate defendant.  This defect with respect to Uber is fatal.  *Tarman v. State Farm Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) ("The requirement of specificity in a fraud action against a ***corporation*** requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, ***their authority to speak,*** to whom they spoke, what they said or wrote, and when it was said or written.") (emphasis added); *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010) (same).

In sum, Plaintiff's Complaint falls well short of meeting the heightened burden to plead fraud.  The key elements of "who, what, when, where, and how" are glaringly absent from Plaintiff's Complaint and supporting Declaration.

### 2.     Defendants' Alleged Submission of Incomplete Invoices Does Not Support a Fraud Claim.

Plaintiff makes reference to allegedly incomplete invoices, which Uber presented at a July 19, 2012 Labor Commissioner hearing.  (*See* Alatraqchi Decl., 15:18-16:23; Form Compl., Third Cause of Action, FR-2(a)-(b) ["Defendants…claim that the invoices submitted to Plaintiff are complete and correct"]).   However, Plaintiff admits it is impossible for him to "link an invoice number to any specific job" or to "ensure any specific fare…was in fact billed correctly." (Alatraqchi Decl., 16:8-19.)  Put simply, it does not appear Plaintiff himself can certify the invoices are incorrect, or plausibly assert they constitute a misrepresentation.

More importantly, Plaintiff does not allege detrimental reliance on the after-the-fact invoices, nor could he, as they were generated well after his relationship with Uber ended.  (Alatraqchi Decl., 10:27-11:4 ["It was only after this action [with the DLSE] that Defendant tendered a partial invoice of the work performed…It was impossible for the Plaintiff to thoroughly review this invoice because the Defendant's computer generated invoice referred to each job only by an invoice number and date, making it impossible to match anything on this invoice to any specific job."].)   *City of*

ᴛᴛLER MENDELSON, P.C.
650 California Street
20th Floor
ₙ Francisco, CA  94108.2693
415.433.1940

1   *Atascadero v. Merrill Lynch*, 68 Cal. App. 4th 445, 482 (1998) ("It is essential, however, that the

2   person complaining of fraud actually have relied on the alleged fraud, and suffered damages as a

3   result.").

4          Finally, Plaintiff does not allege Defendants intentionally provided false invoices.  The mere

5   allegation that Defendant generated an incomplete and difficult to understand invoice does not

6   constitute a misrepresentation, nor does it suggest intent. *Small*, 30 Cal. 4th at 173.  In sum, Plaintiff

7   effectively concedes he did not detrimentally rely on the invoices (indeed he rejected them from the

8   moment they were presented), they were not available to him until his relationship with Uber ended,

9   and consequently, no damage resulted.

10                    **3.      Plaintiff Does Not Plead *Intentional* Misrepresentation.**

11          Plaintiff also pleads no facts suggesting intent to defraud.  On the contrary; Plaintiff merely

12   states Defendants "promised to make payments to Plaintiff" and allegedly failed to do so.  (Form

13   Compl., Third Cause of Action, FR-4 ["Defendants promised to make payments to Plaintiff in a

14   timely manner and that those payments would be complete and correct..."].)  Plaintiff also states that

15   he was under the impression he was entering into a long term relationship.  Stated another way,

16   Plaintiff relies simply on the non-performance with an alleged promise from Defendants.  However,

17   such allegations are insufficient to plead intent. *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30-31

18   (1985) ("[S]omething more than nonperformance is required to prove the defendant's intent not to

19   perform his promise [citations]...if plaintiff adduces no further evidence of fraudulent intent than

20   proof of nonperformance of an oral promise, he will never reach a jury.").  Thus, Plaintiff's

21   Complaint fails to allege yet another critical element of fraud and his claim must be dismissed.

22                    **4.      Even If Plaintiff Is An Employee Like He Suggests (And He Is Not), He
                             Cannot Bring A Tort Claim Based On His Termination.**

23          As found by the California Labor Commissioner and as noted throughout this Motion,

24   Plaintiff was never an Uber employee.  However, even if Plaintiff was an Uber employee, his fraud

25   claim fails as a matter of law.  An employee cannot bring a claim for fraud premised upon a breach

26

ITLER MENDELSON, P.C.
650 California Street
20th Floor
ı Francisco, CA  94108.2693
415.433.1940

of an employment contract. *See Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1884-1885 (1993) ("it is difficult to conceive of a wrongful termination case in which a misrepresentation made by the employer to effect termination could ever rise to the level of a separately actionable fraud.")   A contrary rule would permit a Plaintiff to circumvent the presumption of at-will employment simply by pleading a tort claim. *See* Cal. Lab. Code § 2922; *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 327 (2000) ("the remedy for breach of an employment agreement [ ] is solely contractual.")

In sum, Plaintiff's purported employee status is inconsistent with his fraud claim, (which appears based, at least in part, on the severing of the parties' business relationship) and must be dismissed irrespective of his status.

## F.   Plaintiff's Fifth Cause of Action for "Work Related Stress" Should Be Dismissed.

Plaintiff labels his fifth cause of action "work related stress."   Plaintiff states that his experience with Defendants has caused him to lose his "health, potency and self-esteem" and that he now "sits at home alone picking his nose and scratching a lot." (Alatraqchi Decl., 57:23-25.)   In addition, Plaintiff states that Defendants' purported failure to pay him in a timely manner contributed to his stress. (*Id.* at 58:4-5.)

Although a basis for this claim, statutory or otherwise, is lacking, it appears that Plaintiff is asserting some form of a workplace injury.   If so, this claim fails because the Workers' Compensation Act ("WCA") provides the exclusive remedy for workplace injuries.   Cal. Labor Code §§ 3600, 3602(a); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987); *Piscitelli v. Friedenberg*, 87 Cal. App. 4th 953, 986 (2001); *Davis v. Lockheed Corp.*, 13 Cal. App. 4th 519, 521 (1993).

The WCA only extends to injuries suffered by employees, not independent contractors. *Borello*, 48 Cal. 3d. at 349; Labor Code §§ 3351, 3353, 3600 & 3700.   Plaintiff, like other self-employed workers, is not subject to the workers' compensation system unless he chooses to obtain a workers' compensation insurance policy. *Brown*, 32 Cal. App. 4th at 204; *see* Cal. Ins. Code §

ITLER MENDELSON, P.C.
650 California Street
20th Floor
1 Francisco, CA  94108.2693
415.433.1940

1   11846.  While there is no evidence before the Court that Plaintiff purchased such a policy, even if he
2   had, Plaintiff cannot pursue his workplace injury claim in this Court.

3       Assuming, for argument's sake, that Plaintiff was an employee of Uber as alleged in his
4   Complaint, Plaintiff is likewise precluded from bringing his workplace injury claim before this
5   Court.  *See* Labor Code § 3602 (all claims for injuries arising out of and in the course of an
6   employee's employment are within the sole and exclusive jurisdiction of California's workers'
7   compensation system.)  To the extent Plaintiff contends that the provisions of the WCA do not apply
8   to his alleged injury, he cannot assert that argument before this Court, as opposed to seeking the
9   proper administrative remedies, as a matter of law.  *See* Labor Code § 5500 (The determination
10  whether or not an alleged injury is covered by California's workers' compensation laws is
11  determined by the Workers' Compensation Appeals Board.)   Unless and until the Worker's
12  Compensation Appeals Board adjudicates that Plaintiff's alleged injury is not covered by the WCA,
13  the worker's compensation exclusivity provision precludes him from suing Defendants for his
14  alleged injury.

15      To the extent Plaintiff's fifth cause of action is something other than a workplace injury
16  claim, it should nevertheless be dismissed.  Plaintiff's vague and summary statements regarding his
17  alleged stress do not permit Defendant to determine the theory or basis for Plaintiff's purported
18  cause of action.  *See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-347 (2005) ("we
19  concede that ordinary pleading rules are not meant to impose a great burden upon the plaintiff", but
20  allegations must still give fair notice); *Bishop v. Lucent Technologies, Inc.*, 520 F. 3d 516, 519 (6th
21  Cir. 2008) ("under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a
22  *suspicion* of a legally cognizable right of action is insufficient.")  Because Plaintiff's fifth cause of
23  action fails to meet the required pleading standard, it must be dismissed as a matter of law.

24  **IV.    CONCLUSION**

25      For the foregoing reasons, Defendants respectfully request that the Motion to Dismiss be
26  granted in its entirety.

ITLER MENDELSON, P.C.
650 California Street
20th Floor
ı Francisco, CA 94108.2693
415.433.1940

Dated: July 12, 2013

JOHN C. FISH, JR.
ANDREW M. SPURCHISE
LITTLER MENDELSON, P.C.
Attorneys for Defendants
UBER TECHNOLOGIES, INC. and SCOTT
MUNRO

Firmwide:121426978.3 073208.1011

ITLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

21.

DEFS' NOT OF MOT AND MOT TO DISMISS                                    CASE NO. C 13-03156 JSC