

**Littler**
Employment & Labor Law Solutions Worldwide

Littler Mendelson, PC
650 California Street
20th Floor
San Francisco, CA 94108.2693

October 1, 2013

Andrew M. Spurchise
415.399.8438 direct
415.433.1940 main
415.743.6639 fax
aspurchise@littler.com

**VIA E-MAIL**

Magistrate Judge Jacqueline Scott Corley
United States District Court
450 Golden Gate Avenue
Courtroom E, 15th Floor
San Francisco, CA 94102
jsccrd@cand.uscourts.gov

Re:   *Rashid Alatraqchi v. Uber Technologies, Inc., et al.*, Case No. C-3-03156

Dear Magistrate Judge Corley:

     As you are aware, this firm represents Defendants Uber Technologies, Inc. ("Uber") and Scott Munro (collectively, "Defendants") in connection with the above referenced matter.

     Defendants have reviewed Plaintiff's recently filed Amended Complaint. While we are willing to consider stipulating to remand this matter, consistent with the Court's suggestion during the hearing on Defendants' Motion to Dismiss, we have a number of concerns about the content of the Amended Complaint which we would like to draw to the attention of the Court.

     Most critically, the following portions of the Amended Complaint directly contradict the Court's Order granting Defendants' Motion to Dismiss ("Order") and should be stricken:

1. <u>Discrimination and wrongful termination claims[1] alleged against individual Defendant Munro</u>.

   - <u>The Court's Order</u>: "Defendants' motion to dismiss Plaintiff's [discrimination] cause of action against Defendant Munro is GRANTED without leave to amend." (Order, 10:12-14.) "The Court GRANTS Defendants' motion to dismiss Plaintiff's [wrongful termination] cause of action against Defendant Munro without leave to amend." (Order, 11:18-19.)

---

[1] In the initial Complaint Plaintiff's discrimination (on the basis of national origin and/or religion) and wrongful termination causes of action were numbered one and two, respectively. In the Amended Complaint, essentially the same causes of action are re-alleged as follows: first cause of action: race discrimination, second cause of action: national origin discrimination and fifth cause of action: wrongful termination.

littler.com

Magistrate Judge Jacqueline Scott Corley
October 1, 2013
Page 2

- **Plaintiff's Amended Complaint**: In the Amended Complaint Plaintiff re-alleges his discrimination and wrongful termination causes of action against individual Defendant Munro.  In the portions of his Amended Complaint dedicated to the national origin discrimination and wrongful termination causes of action, Plaintiff explicitly writes that the causes of action are brought against "Defendant*s*." (*See* Amended Complaint, 31:26-32:3, 37:4-11) (emphasis added).[2]

2. Pleading exhaustion of administrative remedies as prerequisite to bringing claims for discrimination and hostile work environment harassment.[3]

    - **The Court's Order**: "Nowhere in Plaintiff's Complaint does he allege that he has exhausted his administrative remedies with respect to his FEHA-based claims. The Court accordingly GRANTS Defendants' motion to dismiss Plaintiff's [discrimination and hostile work environment harassment] claims on this basis. In any amended complaint, Plaintiff shall clearly state whether he has properly exhausted his administrative remedies." (Order, 7:24-27.)

    - **Plaintiff's Amended Complaint**: Despite the Court's Order, Plaintiff fails to plead exhaustion of administrative remedies in relation to his discrimination and hostile work environment harassment causes of action.  In fact, Plaintiff makes no mention of administrative remedies whatsoever in his 90 page Amended Complaint.

3. Identifying a legal basis for work related stress claim.[4]

    - **The Court's Order**: "To the extent Plaintiff alleges a claim under the WCA, this Court lacks jurisdiction to hear such a claim; Plaintiff must pursue his claim through the workers' compensation system.  If Plaintiff's claim is not based on the WCA, Plaintiff's claim does not give Defendants fair notice of the legal basis for this cause of action, and therefore must be dismissed." (Order, 16:8-11.)

---

[2] It is unclear whether Plaintiff asserts race discrimination against individual Defendant Munro. While Plaintiff once refers to "Defendants," plural (*see* Amended Complaint, 31:16), he also appears to exclude Defendant Munro in the following statement, "Plaintiff complains against Defendant Uber Technologies, Inc., and DOES 1 through 100" (*see* Amended Complaint, 28:12-18). To the extent Plaintiff alleges race discrimination against individual Defendant Munro, this portion of the Amended Complaint is inconsistent with the Court's Order as well.

[3] In the initial Complaint Plaintiff's discrimination (on the basis of national origin and/or religion) and hostile work environment harassment causes of action were numbered one and four, respectively. In the Amended Complaint, essentially the same causes of action are re-alleged as follows: first cause of action: race discrimination, second cause of action: national origin discrimination and sixth cause of action: hostile work environment harassment.

[4] In the initial Complaint, Plaintiff's fifth cause of action was labeled work related stress. In the Amended Complaint, Plaintiff's seventeenth claim is labeled work related stress.

Magistrate Judge Jacqueline Scott Corley
October 1, 2013
Page 3

- <u>Plaintiff's Amended Complaint</u>: Plaintiff fails to assert any legal basis whatsoever for his work related stress cause of action despite the Court's express direction on this issue (*see* Amended Complaint, 85:22-89:21).  Although Plaintiff dedicates five pages of his Amended Complaint to his work related stress claim, his purported injury is mentioned only once and that reference contains no explanation of the legal basis for the claim. (Amended Complaint, 89:7-11 ["I see these damn Ubers and Lyft the Pink Moustaches showing they self in the [public] places all the time!! This is Embarassing to me so it Cause the STRESS and/or Get High Bloody Pressure and/or then my Low Self Esteem!!!"])

Defendants respectfully request that the Court exercise its authority to strike Plaintiff's first, second and fifth causes of action for discrimination and wrongful termination as to Defendant Scott Munro given that the Court previously dismissed these claims without leave to amend.  *See* Fed. R. Civ. Proc. 12(f)(1) (Court may strike material from a pleading, sua sponte, at any time).  Plaintiff's first, second and sixth causes of action for discrimination and hostile work environment harassment should also be stricken from the Amended Complaint entirely, without leave to amend, on the grounds that each claim is barred due to Plaintiff's failure to allege exhaustion of administrative remedies.[5]  Lastly, Plaintiff's seventeenth cause of action for work related stress should be stricken in its entirety without leave to amend.  Despite being given the opportunity to amend his complaint, Plaintiff disregarded the Court's Order and again failed to allege a legal basis for this cause of action.

These are not the only deficiencies in the Amended Complaint.  In short, the Amended Complaint utterly fails to cure the defects that formed the basis of the Court's dismissal in the first place.  Defendants welcome guidance from the Court as to how it wishes to proceed.

---

[5] Furthermore, Plaintiff can no longer pursue the requisite administrative remedies today because the latest purportedly unlawful conduct occurred in January of 2012 (*i.e.* the date Uber ended its business relationship with Plaintiff) and any administrative charge was due to be filed by January of 2013, at the latest.  *See* Cal. Govt. Code § 12960(d) ("No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice [] occurred.")  Accordingly, any future amendments to the complaint would be futile given Plaintiff's inability to comply with administrative prerequisites.

Magistrate Judge Jacqueline Scott Corley
October 1, 2013
Page 4

      Defense counsel attempted to contact Plaintiff in an effort to meet and confer about these issues, but did not receive a response. A copy of this correspondence has been served to Plaintiff. Thank you for the Court's prompt attention to this matter.

Sincerely,

Andrew M. Spurchise

AMS

cc:    Rashid Alatraqchi (by hand delivery)

Firmwide:123228316.2 073208.1011

## CERTIFICATE OF PERSONAL SERVICE

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3701 Sacramento Street, Suite 269, San Francisco, CA 94118. On October 1, 2013, I personally served:

**DEFENDANTS' LETTER TO MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY RE: PLAINTIFF'S AMENDED COMPLAINT – DATED 10.1.2013**

by delivering a copy thereof to:

Rashid Alatraqchi c/o Sunrise Hotel
447 Valencia Street, Apt. #231
San Francisco, CA 94103

*Plaintiff*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on October 1, 2013, at San Francisco, California.

PRINT NAME
_TOSHINORI KAWASE_
TOSHI'S LEGAL CONNECTION

_[signature]_
SIGNATURE

Firmwide:123399154.1 073208.1011

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

CERTIFICATE OF PERSONAL SERVICE

CASE NO. C 13-03156 JSC