IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID ALATRAQCHI,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.: C-13-03156 JSC<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE** |

Defendants removed this case to federal court based on federal question jurisdiction. At the hearing on Defendants' motion to dismiss Plaintiff's Complaint, Plaintiff represented that he did not intend to allege any federal claims and that any amended complaint would plead state law claims only. The Court concluded that Plaintiff had pled a federal claim and therefore removal was proper and granted Defendant's motion as to all claims. (Dkt. No. 27.) All claims were dismissed with leave to amend, except for Plaintiff's first and second claims against defendant Scott Munro, which were dismissed with prejudice. Plaintiff subsequently filed his Amended Complaint, which does not appear to contain a federal claim, only state law claims.

Given the absence of any federal claim in the Amended Complaint, the Court hereby ORDERS Defendants to SHOW CAUSE as to why this action should not be remanded to state court pursuant to 28 U.S.C. § 1367(c)(3). *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("Dismissal of the federal claim . . . ordinarily . . . authorize[s] the district court to remand the pendent state law claims"); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). Defendants shall file their response to this Order no later than October 11, 2013.

In addition, the Court is in receipt of Defendants' letter requesting that the Court strike portions of Plaintiff's Amended Complaint and asking for guidance. (Dkt. No. 31.) Civil Local Rule 7-1(a) provides that "[a]ny written request to the Court for an order must be presented by one of the [] means [listed one through six.]" A letter to the Court is not one of the listed means. Moreover, Plaintiff's letter includes a request to strike claims from the Amended Complaint because they still fail to state a claim. However, neither a party on a properly noticed motion nor a court acting sua sponte may strike claims pursuant to Federal Rule of Civil Procedure 12(f) because the amended claims remain deficient under Federal Rule of Civil Procedure 12(b)(6). *See Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint."); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010) (holding that since rulings on Rule 12(f) motions are reviewed for abuse of discretion, whereas rulings on Rule 12(b)(6) motion are reviewed de novo, it does not make sense to use Rule 12(f) to dismiss a pleading).

Thus, to the extent Defendants are asking the Court to strike claims from the Amended Complaint, Defendants' requests are accordingly DENIED without prejudice to filing a properly noticed motion pursuant to Local Rule 7-1 if the case remains in this Court following the resolution of the Order to Show Cause.

//
//
//

IT IS SO ORDERED.

Dated: October 4, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE