IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID ALATRAQCHI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES,INC., et al.,<br><br>　　　　　Defendants. | Case No.: C-13-03156 JSC<br><br>**ORDER REMANDING CASE** |

Defendants removed this case to federal court based on federal question jurisdiction. At the hearing on Defendants' motion to dismiss Plaintiff's Complaint, Plaintiff represented that he did not intend to allege any federal claims and that any amended complaint would plead state law claims only. The Court concluded that Plaintiff had pled a federal claim and therefore removal was proper and granted Defendant's motion as to all claims. (Dkt. No. 27.)  All claims were dismissed with leave to amend, except for Plaintiff's first and second claims against Defendant Scott Munro, which were dismissed with prejudice. Plaintiff subsequently filed his Amended Complaint, which does not contain a federal claim, only state law claims.

The Court accordingly ordered Defendants to show cause as to why this case should not be remanded to state court in light of the absence of any federal claim. Defendants timely responded, and agreed that this case should be remanded since the Amended Complaint lacks a significant federal question. (Dkt. No. 33.)

Given the absence of any federal claim in the Amended Complaint, the Court exercises its discretion and declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *see Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks omitted)); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendant claims to state court . . . ."). Therefore, the Court REMANDS this action to San Francisco County Superior Court.

IT IS SO ORDERED.

Dated: October 9, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

2